**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

John L. Broos and
Carol J. Broos,

|  |  |  |
|---|---|---|
| | Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | | Civil No. 14-2032 ADM/SER |

Bart Brellenthin,

Defendant.

_____

John L. Broos and Carol J. Broos, pro se.

Harris J. Phillips, Esq., United States Department of Justice, Washington, D.C., on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Bart Brellenthin's ("Brellenthin") Motion to Dismiss  [Docket No. 8].  Plaintiffs John

and Carol Broos (the "Brooses") allege Brellenthin unlawfully garnished John Broos' wages

without a lien.  Compl. [Docket No. 1] at 1-1.  For the reasons discussed below, Defendant's

Motion to Dismiss is granted.

## II.  BACKGROUND

In March 2014, the Brooses filed a complaint against Brellenthin in state court.  Id.  The

complaint, in its entirety, states:

> The amount of the defendants errors were corrected by bankruptcy. There are no
> levy [sic] or liens of record in the Secretary of State office or in the County
> Recorders office. After the bankruptcy and without a lien BART BRELLENTHIN
> garnished wages of JOHN L. BROOS. Garnishments started April 7, 2014 and are
> ongoing. BART BRELLENTHIN is garnishing 100% of Johns wages, leaving no
> income or healthcare.

Id.  On June 20, 2014, the United States ("Government") removed this case to federal court.  Id. at 1.  The Government acknowledges that Brellenthin—a duly-appointed officer of the Internal Revenue Service (IRS)—took several steps to collect the Brooses' outstanding federal tax liability, including service of a wage levy.  Mem. Supp. Mot. Dismiss [Docket No. 10] at 2.  On behalf of Brellenthin, the Government moves to dismiss this matter for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6).

## III.  DISCUSSION

### A.  Legal Standard

When deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the pleadings, a court must accept the claimant's factual allegations as true and view them in the light most favorable to the non-movant.  Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010).  The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists.   Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  The court must ensure it has subject matter jurisdiction before proceeding.  Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).  And as the court's jurisdiction is fixed by statute, the parties may not enlarge it by waiver or consent.  Id.  Nor may the court assume hypothetical jurisdiction to proceed when its jurisdiction is in doubt.  Id.

### B.  Subject Matter Jurisdiction

To the extent the Brooses' complaint can be construed to state a claim under 26 U.S.C. § 7433, the Government argues the Complaint should be dismissed for lack of subject matter

jurisdiction based on the Brooses' failure to exhaust their administrative remedies as required by

U.S.C. § 7433(d)(1).[1]   Mem. Supp. Mot. Dismiss at 3-5.   Plaintiffs maintain that the United

States is not a party to this action and that the Attorney General of the United States has no

authority to represent Brellenthin in his personal capacity.   Mem. Opp. Mot. Dismiss [Docket

No. 15] at 2.

It is well established that suits seeking damages against the IRS or an IRS employee in

their official capacity are suits against the United States.   Searcy v. Donelson, 204 F.3d 797, 798

(8th Cir. 2000).   Plaintiffs' contention that they have sued Brellenthin in his personal capacity

fails because Brellenthin's alleged wrongful acts were taken in his official capacity as an IRS

Revenue Officer.   Therefore, the United States is the proper defendant.   Coleman v. Espy, 986

F.2d 1184, 1189 (8th Cir. 1993) ("A suit against the sovereign is one where the judgment sought

would expend the public treasury, restrain the government from acting, or compel it to act.").

The United States is immune from suit unless Congress expressly waives immunity.

United States v. Dalm, 494 U.S. 596, 608 (1990).   Congress has waived sovereign immunity and

provided a remedy for plaintiffs aggrieved by wrongful collection of taxes.   See 26 U.S.C. §

7433.   However, this waiver is limited by U.S.C. § 7433(d)(1), which requires plaintiffs to

exhaust administrative remedies prior to filing suit.   Pomerenke v. Bird, Case No. 12-1757, 2014

WL 30363, at *2 (D. Minn. Jan. 3, 2014).

Here, the Brooses do not allege that they have exhausted their administrative remedies,

nor do IRS records indicate compliance with U.S.C. § 7433(d)(1).   See generally Mem. Opp.

---

[1]   26 U.S.C. § 7433 provides "the sole remedy for a taxpayer aggrieved by the actions of
an IRS employee in connection with collection of taxes."   Russell v. United States, 339 Fed.
Appx. 637, 638 (7th Cir. 2009).

Mot. Dismiss; see also Mem. Supp. Mot. Dismiss at 5.  Consequently, the remedy provided by

26 U.S.C. § 7433 is not available to the Brooses, and their suit against the United States must be

dismissed for lack of subject matter jurisdiction.  See, e.g., Philippi v. Brellenthin, Case No. 11-

2389, 2012 WL 947016, at *3 (D. Minn. Jan. 26, 2012) (recommending dismissal of suit under

26 U.S.C. § 7433 based on lack of subject matter jurisdiction because plaintiff failed to exhaust

administrative remedies).[2]

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that Defendant's Motion to Dismiss [Docket No. 8] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 30, 2014.

---

[2]  Having determined dismissal of Plaintiffs' suit is proper under Rule 12(b)(1), the Court will not discuss the Government's arguments made for dismissal under Rule 12(b)(6).